F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 22 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

ALONZO WILLIAMS,

　　　　Defendant - Appellant.

No. 04-3025
District of Kansas
(D.C. No. 03-CR-40042-JAR)

**ORDER AND JUDGMENT** *

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

　　Alonzo Williams appeals the ten-year sentence he received for possessing a

stolen firearm in violation of 18 U.S.C. § 922(j). Williams argues that the district

court erred when it determined that he had a category VI criminal history under

the 2003 United States Sentencing Guidelines (USSG). The mistake, Williams

---

　　* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

　　** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

claims, was made when the pre-sentencing report (PSR) miscalculated his criminal history points. According to Williams, because of this miscalculation, we should vacate his sentence and remand. Exercising jurisdiction under 28 U.S.C. § 1291, we decline to do so and affirm.

## BACKGROUND

The government charged Williams with possession of crack cocaine, intent to distribute crack cocaine, and being a felon in possession of a firearm. After determining the firearm was stolen, the government entered into a plea agreement with Williams whereby he agreed to plead guilty to possession of a stolen firearm.

The district court sentenced Williams to the maximum sentence available for the firearm charge, 120 months. *See* 18 U.S.C. § 924(a)(2). The sentence was based on the crime committed and Williams's criminal history. The PSR calculated that Williams had 14 criminal history points. Under the USSG, this translated to a Category VI criminal history. *See* USSG Sentencing Table (2003). While the USSG provided a 130 to 162 month sentence range for someone with a Category VI criminal history who possessed a stolen firearm, the court refused to impose any sentence greater than the 120-month statutory maximum.

## DISCUSSION

We review calculations of criminal history de novo. *See United States v. Hawley*, 93 F.3d 682, 686-87 (10th Cir. 1996).

Upon review of the PSR, we find that Williams's criminal history amounts to 13 points and that the PSR erroneously calculated it at 14 points. However, this error is of no import. Under the USSG, a Category VI criminal history is applied whenever a defendant has at least 13 criminal history points. Thus, the district court did not err in setting Williams's criminal history at Category VI.[1]

Williams also argues that the court erroneously attributed a prior conviction to him. In other words, he claims that he was not the person convicted of a particular crime. Despite the fact that Williams offers no evidence to support his argument, we reject it because even if he is correct, his sentence is unaffected. Excluding this particular conviction would result in a Category V criminal history. The lowest sentence the court could have applied within this category was 120 months, the exact sentence imposed. Thus, the court did not err in sentencing Williams to 120 months in prison.

WE AFFIRM. The request from the Assistant Federal Public Defender to withdraw as counsel for appellant as contained in the opening brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) is granted. The motion to withdraw filed by the Assistant United States Attorney upon her appointment to

---

[1] We also note that the court sentenced Williams to the 120-month statutory maximum for possession of a stolen firearm, which was twelve-months less than the low-end of the range available under the USSG.

the Kansas Court of Appeals is granted.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge